People v Pascall (2018 NY Slip Op 06037)





People v Pascall


2018 NY Slip Op 06037


Decided on September 12, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 12, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.


2013-02380
 (Ind. No. 6332/10)

[*1]The People of the State of New York, respondent,
v
Angus Pascall, appellant.


Paul Skip Laisure, New York, NY (A. Alexander Donn of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Jean M. Joyce, and Jordan Cerruti of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Mark Dwyer, J.), rendered February 13, 2013, convicting him of rape in the first degree, predatory sexual assault (seven counts), attempted predatory sexual assault, predatory sexual assault against a child (three counts), and endangering the welfare of a child, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was charged with committing numerous sex offenses against five different victims over the course of 10 years. At trial, the Supreme Court admitted DNA profiles and reports, as well as the testimony of an expert in DNA analysis, pertaining to the five victims and the defendant. The expert, Craig O'Connor, testified that he had a Ph.D. in genetics and laboratory sciences, and he was a criminalist level III at the Office of the Chief Medical Examiner. O'Connor testified that he was not the original criminalist on all of the individual cases. The other two analysts who worked on the cases "resigned in previous years to pursue other endeavors." With regard to the case files that he took over from the analysts who resigned, O'Connor testified that he became the custodian of the case files and, in doing so, he "was required to review them all and look at all the paperwork and the reports and everything." Moreover, O'Connor testified that he would "take all of the results and do the analysis and interpretations," and he "review[ed] all the facts and all the data contained in all of the files." When the prosecutor asked O'Connor if he had "review[ed] th[e] data and draw[n] [his] own independent conclusions," O'Connor responded, "Yes, I reviewed the results that were obtained and also the reports, yes."
The defendant preserved for appellate review his contention that the admission of the DNA profiles and reports, as well as the testimony of the expert, violated his Sixth Amendment right to confrontation (see CPL 470.05[2]). However, the contention is without merit.
The Sixth Amendment to the United States Constitution guarantees a defendant in a criminal prosecution the right to be " confronted with the witnesses against him [or her]'" (Melendez-Diaz v Massachusetts, 557 US 305, 309; see People v Brown, 13 NY3d 332, 338). "This provision bars admission of testimonial statements of a witness who did not appear at trial unless he [or she] was unavailable to testify, and the defendant . . . had a prior opportunity for cross-[*2]examination'" (People v Brown, 13 NY3d at 338, quoting Crawford v Washington, 541 US 36, 53-54).
Here, the DNA evidence is, at least in part, testimonial (see People v John, 27 NY3d 294, 308). However, O'Connor's testimony regarding his review and analysis of all of the case files indicated that he independently analyzed the raw data, as opposed to functioning as " a conduit for the conclusions of others'" (People v Austin, 30 NY3d 98, 105, quoting People v John, 27 NY3d at 315). Moreover, unlike in other cases, the record here demonstrates that, to the extent that O'Connor was not the original criminalist assigned to any of the individual cases, the original criminalists had resigned and, thus, were unavailable (cf. Bullcoming v New Mexico, 564 US 647, 659; People v Austin, 30 NY3d 98; People v John, 27 NY3d at 309). Accordingly, the Supreme Court properly admitted the DNA profiles and reports and O'Connor's testimony.
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
CHAMBERS, J.P., AUSTIN, MILLER and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court